# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IDA SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV00609 (TIA) |
| | ) |
| BLUE CROSS BLUE SHIELD | ) |
| OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ida Simpson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Also before the Court is Simpson's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Liberally construing the complaint, plaintiff alleges that $25,944.51 in pension funds is missing from her account. Plaintiff brings suit under the Employee Retirement Income Security Act (ERISA).

**Discussion**

It is well-settled that an ERISA plaintiff must exhaust available administrative remedies. Van Natta v. Sara Lee Corp., 439 F.Supp.2d 911, 940 (N.D. Iowa 2006). There are two exceptions to the exhaustion requirement: (1) where resort to administrative remedies would be futile; and (2) where the claimant has no notice of the availability of a contractual review process. Id. Plaintiff has not alleged that she exhausted her available administrative remedies or that the exceptions to exhaustion of remedies apply to this case. See Byrd v. MacPapers, 961 F.2d 157, 160-61 (11th Cir. 1992) (holding district court's dismissal of ERISA claim for failure to plead exhaustion of administrative remedies was not an abuse of discretion). Before dismissing the complaint, however, plaintiff should be given an opportunity to amend her complaint to allege whether she has exhausted her available administrative remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that no later than July 11, 2007, plaintiff shall file an amended complaint detailing whether she has exhausted her available administrative remedies and, if not, why not.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within the time specified, then the instant complaint will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** without prejudice.

So Ordered this 13th Day of June, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**